TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
TARA B. VAVERE (Cal. Bar No. 279470)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
     United States Courthouse, 11th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:   (213) 894-5901
     Facsimile:   (213) 894-6269
     E-mail:      Tara.Vavere@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>VIRTUAL CURRENCY,<br><br>    Defendant.<br><br>JONATHAN SHOKRIAN,<br><br>    Claimant. | Case No. 2:25-CV-08656-ODW(AS)<br><br>**STATUS REPORT** |

The United States of America ("Plaintiff") hereby files this status report pursuant to the Court's Order dated November 14, 2025.  ECF No. 16.

On or about November 13, 2025, Plaintiff filed a recognition of Jonathan Shokrian's ("Claimant") valid, pre-existing interest in the defendant virtual currency. ECF No. 15 at ¶¶ 4-5.

In its filing on or about November 13, 2025, Plaintiff further informed the Court that service of the Verified Complaint for Forfeiture on the other known person whose interest may be affected by this action had not yet been completed as of that date.  ECF No. 15 at ¶ 8.  Plaintiff and Claimant therefore stipulated that the time for Claimant to file an Answer be extended until such time as Plaintiff has completed the required notice to all known interested parties, and the time for all known interested parties to file claims has expired.  Id.

In order to effectuate service on the remaining known interested party, a Mutal Legal Assistance Treaty request to the Coordinating Authority of the United Mexican States was required by the Department of Justice, Office of International Affairs ("OIA").  ECF No. 15 at footnote 1.

On December 1, 2025, Plaintiff was informed by OIA that the translation[1] of Plaintiff's Rule G(4)(b)[2] notice documents ("Plaintiff's notice documents") was completed on or about December 1, 2025, and that Plaintiff's notice documents were pending translation review by OIA's attaché in Mexico City.

On December 3, 2025, Plaintiff was informed by OIA that Plaintiff's notice documents and request for service was transmitted to the Coordinating Authority of the United Mexican States on December 3, 2025.

On January 7, 2026, Plaintiff was informed by OIA that OIA has not yet received any confirmation from the Coordinating Authority of the United Mexican States that Plaintiff's request has been completed.

On February 3, 2026, Plaintiff was informed by OIA that OIA has not yet received any confirmation from the Coordinating Authority of the United Mexican States that Plaintiff's request has been completed.  OIA further informed Plaintiff that Plaintiff may

---

[1] Due to the lapse in government funding for document translation services beginning on October 1, 2025, document translation services were unavailable until funding sources became available on approximately November 17, 2025.

[2] See Supplemental Rule G(4)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions.

2

contact the remaining known interested party via email for the purpose of notification of this action while the official request is pending with the United Mexican States.

On February 5, 2026, Plaintiff confirmed that the remaining known interested party could receive email at the email address in Plaintiff's file.

On February 9, 2026, Plaintiff's notice documents were sent to the remaining known interested party's email address and Plaintiff received a Relay Report indicating that the email had successfully been delivered.

Plaintiff's notice documents informed the remaining known interested party that if they intend to appear in this action to contest the forfeitability of the defendant property, the remaining known interested party must file a claim of interest by March 16, 2026, and a separate answer within 21 days thereafter, which expired on April 6, 2026.

As of April 7, 2026 the time for all known potential claimants to file claims of interest and answers has expired.

As of April 7, 2026, neither a claim of interest nor an answer has been filed by the remaining known interested party, nor any other party besides Claimant.

Accordingly, and pursuant to the Court's Order dated November 14, 2025 (ECF No. 16) the parties shall file a stipulated request for the entry of a consent judgment of forfeiture, which shall be dispositive of this case.

///

///

///

Dated: April 7, 2026

Respectfully Submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

_____/s/_____
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture and Recovery Section

Attorneys for Plaintiff
United States of America

4