TODD BLANCHE
Acing Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
TARA B. VAVERE (Cal Bar No. 279470)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    Federal Courthouse, 11th Floor
    312 North Spring Street
    Los Angeles, California  90012
    Telephone: (213) 894-5901
    Facsimile: (213) 894-6269
    E-mail: Tara.Vavere@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> Virtual Currency, <br> Defendant. <br><br>――――――――――――――<br><br> JONATHAN SHOKRIAN, <br><br> Claimant. | Case No. 2:25-cv-08656-ODW-AS <br><br> **STIPULATION AND REQUEST TO ENTER CONSENT JUDGMENT OF FORFEITURE AS TO DEFENDANT VIRTUAL CURRENCY** <br><br> **[PROPOSED] CONSENT JUDGMENT OF FORFEITURE LODGED UNDER SEPARATE COVER** |

Plaintiff United States of America by and through its counsel of record, Assistant United States Attorney Tara B. Vavere ("Plaintiff"), and claimant Jonathan Shokrian, by and through his counsel of record, Simon Peter Leen ("Claimant") hereby stipulate and agree as follows:

1. Plaintiff United States of America filed a Verified Complaint for Forfeiture (the "Complaint") on November 12, 2025, against the Defendant Virtual Currency.

2. Plaintiff has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.

3. Claimant filed a timely claim to the Defendant Virtual Currency. ECF No. 10. No other parties have appeared in this case and the time for filing claims of interest and answers has expired.

4. As described in the Complaint, the Defendant Virtual Currency is alleged by Plaintiff to be proceeds of wire fraud, or traceable to the same.

5. As alleged in the Complaint, Jonathan Shokrian is the owner of the Defendant Virtual Currency and was the victim of a fraud that resulted in stolen funds that were subsequently converted into the Defendant Virtual Currency.

6. On November 13, 2025, the Government recognized Claimant Jonathan Shokrian's interest in the Defendant Virtual Currency. ECF No. 15.

7. Plaintiff United States of America and Claimant have reached an agreement as to the Defendant Virtual Currency. The Defendant Virtual Currency will be returned to Claimant Jonathan Shokrian.

8. The parties stipulate and request that this Court enter the proposed consent judgment lodged concurrently herewith, to carry into effect the settlement agreement reached between the parties.

9. This Court has jurisdiction over the parties and the subject matter of this action.

10. All potential claimants to the Defendant Virtual Currency, other than Claimant, should be deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture. Jonathan Shokrian is relieved of its obligation to file an answer in this action.

11. The proposed consent judgment of forfeiture lodged herewith provides that Jonathan Shokrian shall have judgment as to the Defendant Virtual Currency and no other right title or interest in the Defendant Virtual Currency shall exist therein. The Defendant Virtual Currency is more particularly described as $155,004.8225 USDC.

12. Jonathan Shokrian hereby agrees to release the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Federal Bureau of Investigation, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which Jonathan Shokrian hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Jonathan Shokrian, whether pursuant to 28 U.S.C. § 2465 or otherwise.

13. The parties stipulate and agree that there was reasonable cause for the seizure of the Defendant Virtual Currency and the institution of this action. The consent judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the Defendant Virtual Currency.

14. The parties further stipulate and agree that this stipulation in no way alters any right Claimant may have to any other asset described in the Complaint, that Claimant is not waiving or otherwise abandoning any such right, and this stipulation in no way prejudices Claimant's ability to pursue recovery of any asset described in the Complaint through any legal means.

3

15.    Each of the parties shall bear its own fees and costs in connection with the seizure and retention of the Defendant Virtual Currency and the litigation of this action.

Dated: April 10, 2026                    Respectfully submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

_____/s/_____
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture and Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: April 9, 2026                    THE FREEDMAN FIRM

_____/s/ *_____
SIMON PETER LEEN

Attorney for Claimant Jonathan Shokrian

*Per Local Civil Rule 5-4.3.4(a)(2)(i), the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing via email.

4